UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Taran Helms,                                              Case No. 3:22-cv-1557

              Plaintiff,

    v.                                                     MEMORANDUM OPINION
                                                           AND ORDER

Aramark Correctional Services, LLC,

              Defendant.

## I. INTRODUCTION AND BACKGROUND

On March 9, 2022, Plaintiff Taran Helms was eating lunch in his housing unit at the Toledo Correctional Facility[1] in Toledo, Ohio, when he bit into a hard object, later determined to be a screw. (Doc. No. 8 at 2). Helms alleges the object chipped his tooth, resulting in an "A1 Fracture to his front tooth." (*Id.*).

Helms then filed suit against Defendant Aramark Correctional Services, LLC, the contractual food service provider for the Ohio Department of Rehabilitation and Correction, in the Lucas County, Ohio Court of Common Pleas. (Doc. No. 1-1). Aramark timely removed the case to this court and moved to dismiss Helms's complaint. (Doc. No. 3). Helms then filed his First Amended Complaint. He appears to assert two claims for relief, alleging Aramark was deliberately indifferent to his safety and also that Aramark maintained a policy and practice which imperils the health of

---

[1] Since filing this lawsuit, Helms has been transferred to the Southern Ohio Correctional Facility in Lucasville, Ohio.

prisoners and constitutes cruel and unusual punishment. (Doc. No. 8 at 2-3). Helms seeks compensatory and punitive damages.

Aramark again moved to dismiss Helms's claims. (Doc. No. 10). Helms did not respond to the motion to dismiss and the time to do so has expired. *See* L.R. 7.1(d). For the reasons stated below, I grant Aramark's motion.

## II. STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. ANALYSIS

Plaintiffs may pursue a claim for the alleged violation of their rights under the Constitution and federal law pursuant to 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

To survive a Rule 12(b)(6) motion to dismiss, a § 1983 plaintiff must allege (1) "a defendant acted under color of state law" and (2) "the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012)

(citing *Fritz v. Charter Twp. of Comstock,* 592 F.3d 718, 722 (6th Cir. 2010) and *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998)). Private entities like Aramark may be considered to have acted under color of state law when they contract to perform traditional state functions. *See, e.g., West v. Atkins*, 487 U.S. 42, 54 (1988).

Aramark contends I should dismiss Helms's First Amended Complaint because federal courts have consistently held a single instance of food contamination does not rise to the level of a constitutional violation and because Helms has not identified a specific policy or practice that led to a violation of his constitutional rights. (Doc. No. 10-1 at 2). As I noted above, Helms has not filed a response to the motion to dismiss. "A plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion." *Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 875 (W.D. Mich. 2014) (citing *Humphrey v. U.S. Att'y Gen.'s Off.,* 279 F. App'x 328, 331 (6th Cir. 2008) and *Scott v. State of Tenn.,* 878 F.2d 382 (6th Cir. 1989) (unpublished table decision)). I deem Helms to have waived opposition to Aramark's motion to dismiss due to his failure to oppose that motion.

I conclude Helms fails to state a plausible claim for deliberate indifference to the safety of his conditions of confinement. This claim requires Helms to show "(1) the deprivation alleged is, objectively, 'sufficiently serious,' and (2) the prison official had a sufficiently culpable state of mind." *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 352 (6th Cir. 2001) (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). The subjective prong requires that a defendant official know of and disregard an excessive risk to an inmate's health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Even if I assume Helms's allegations satisfy the objective prong, Helms has not met the requirements of the subjective prong because he has not identified any specific Aramark employee

3

who knew or and disregarded a risk that a foreign object such as a screw might be found in an inmate's food. Helms's claim is based upon a theory of strict liability, not deliberate indifference, and this is not the appropriate standard for a § 1983 claim. *See, e.g., Lopez v. Foerster*, No. 20-2258, 2022 WL 910575, at *7 (6th Cir. Mar. 29, 2022) (noting § 1983 does not permit "local entities [to be held] strictly liable for their employees' misconduct"). *See also Foster v. Bd. of Regents of Univ. of Mich.*, 982 F.3d 960, 968 (6th Cir. 2020) (reiterating, in Title IX context, that deliberate indifference does not equal strict liability). Helms fails to state a plausible deliberate indifference claim.

Helms also fails to state a claim for relief based upon an official policy or custom. *See, e.g., Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-92 (1978) (holding a plaintiff may recover on a policy or custom claim only if plaintiff shows a direct causal link between an official policy and the alleged constitutional violation). In order for Aramark be liable under this theory, Helms must show "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

Helms does not allege facts which show any of these. Instead, he alleges only that Aramark "failed to properly maintain the adequacy of all Food Service Equipment" as required by law and food service safety protocols. (Doc. No. 8 at 3). His conclusory allegation that this was the result of "[b]lanket practices of imperiling the health of Prisoners," (*id.*), is insufficient to state a plausible claim for relief.

4

## IV. CONCLUSION

For the reasons stated above, I grant Aramark's motion to dismiss. (Doc. No. 10).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
